(Decided 16th December, 1886.)

---

ERNEST MORGANSTERN *vs.* ROBERT SHUSTER, Guardian.

*Guardian and Ward—Guardian's account—Lapse of Time—*
*Intendments.*

An application by a ward for a revision of his guardian's account, some seventeen years after its approval and passage by the Orphans' Court, and nearly nine years after he attained his majority, should not be granted, unless it be very clearly shown that the account

Morganstern *vs.* Shuster.

was erroneous. After the lapse of so long a time, all reasonable intendments should be made in support of the action of the Orphans' Court.

APPEAL from the Orphans' Court of Washington County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Newton S. Cook,* and *Edward Stake,* for the appellant.

*Alexander Armstrong,* and *Norman B. Scott, Jr.,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellant was the ward of the appellee, who, by the will of the appellant's mother, was appointed executor of her will and guardian to her children. The appellee was also, uncle by marriage to the appellant. The will was probated in May, 1868, and the guardianship commenced about the same time. The appellant's distributive share of his mother's estate was the small sum of twenty-five dollars and twenty six cents. Within thirteen months from administration and his appointment as guardian, the appellee passed an account in the Orphans' Court in which he was charged with the whole estate of his ward, consisting of the small distribution from his mother's estate, and seven dollars and thirty eight cents received for him from Germany, making a total of $32.64. After deducting costs and register's fees, the sum of twenty-seven dollars and seventy two cents remained, and this was claimed by the guardian for support and maintenance and was allowed by the Court as "per account," and the account as passed and approved was ordered to be recorded.

The whole estate of the ward thus appears entirely exhausted. This account was passed on the .15th of June, 1869. The appellant was between eleven and twelve years of age when the wardship began, and came of age in 1877. In April, 1886, he filed a petition in the Orphans' Court for Washington County, claiming that the account passed therein by his guardian, was erroneous; and that the money claimed in it by the guardian for maintenance was not due, and claiming that his guardian received certain sums during his minority for his services to persons to whom he was hired, and asking for a revision of the account passed and a new accounting. The appellee was summoned, appeared and answered. Testimony was taken, and the Orphans' Court dismissed the appellant's petition, and he has appealed.

We find no error in the action of the Orphans' Court. So far as the Court's original action, on the guardian's account, which was passed and allowed, was concerned, it is clear the Court did not exceed its jurisdiction. The account shows, that a bill or statement was exhibited of the guardian's charges, and that the Court allowed it. The Court had the power and authority to make the allowance, which was made for maintenance, and after so long a time had elapsed, a period of seventeen years since the passage of the account and the making of the allowance, and nearly nine years after the ward became of age before his petition was filed, all reasonable intendments ought to be made in support of the Court's action. A very strong case ought to be made to disturb it; and so far from the proof tending to show that the small allowance for maintenance was improper, it tends to support its entire propriety.

The proof does show that the guardian did hire out his ward for portions of several years, and received part of the wages, (the ward receiving the rest) for which he did not account in the Orphans' Court, and for which the petition

in part was filed to make him account. The guardian received about one hundred and fifty dollars of the ward's wages; but he testifies that he expended it all on the ward, and on settlement the ward would owe him. The fact that the ward made no claim for so many years after attaining majority, strongly tends to sustain the guardian's statement in that regard.

By the statute six years are allowed the ward after arrival at age, to sue the guardian's bond, after which period he is barred. As nearly nine years after his majority had elapsed before he took his proceeding in the Orphans' Court, we think the Court was right in regarding the claim, under all the circumstances, unsupported, and in dismissing the petition. Under the facts of the case, we have not found it necessary to decide whether such earnings of the ward, are a part of the trust fund the guardian was appointed to manage.

*Order affirmed.*

(Decided 16th December, 1886.)